IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Veronika Tvrdy,<br><br>                Petitioner,<br><br>vs.<br><br>Pavel Tvrdy,<br><br>                Respondent. | Civil Action No. 5:20-CV-48-FL<br><br>**TEMPORARY ORDER<br>AND RULE TO SHOW CAUSE**<br><br>(Hague Convention Action) |

Before the Court is the *Ex Parte* Expedited Motion for a Temporary Restraining Order ("Motion") (ECF No. 5) filed by Petitioner Veronika Tvrdy ("Mother") under Article 7(b) of the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. Mother requests that the Court:

1. Issue an order prohibiting Pavel Tvrdy ("Father") or any others acting on his behalf or at his direction from removing his son, P.L.T. (the "Child"), from the jurisdiction pending resolution of this action;

2. Issue an order taking into safe keeping all of the Child's travel documents, including his passports and any American visas; and

3. Issue an expedited Rule to Show Cause ordering the appearance of Father and the Child on the first available date on the Court's calendar so that the Court may combine the preliminary injunction hearing and the hearing on the merits, holding any final hearing on the merits of the Verified Expedited Petition as soon as possible as required by the Convention.

Having considered the record, the Court **GRANTS** Mother's Motion, as further explained below. The Court schedules the preliminary injunction hearing for 1:30 pm on February 25, 2020, at the United States Courthouse in New Bern, North Carolina.

**Analysis**

The Hague Convention is intended "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." *Maxwell v. Maxwell*, 588 F.3d 245, 250 (4th Cir. 2009). The Hague Convention seeks to preserve the *status quo*—the return of children to their home countries for further proceedings. *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001). Thus, it is not the underlying custody case at issue under the Hague Convention, but whether the treaty requires a child to be returned home for any custody proceedings. *Id.* at 398.

To accomplish the goal of maintaining the *status quo*, the Court is empowered to take steps "to prevent future harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures." Hague Convention, art. 7(b); *see also* 22 U.S.C. § 9004(a) (allowing preventative measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."). Federal courts within the Fourth Circuit have used Article 7(b) and § 9004 to take provisional measures to ensure that abducted children are not removed from their jurisdiction during the litigation. *See*, *e.g.*, *Salguero v. Argueta*, No. 5:17-CV-125-FL, 2017 WL 1067758, at *2 (E.D.N.C. Mar. 21, 2017); *Smith v. Smith*, No. 116CV00264, 2016 WL 4154938, at *3 (W.D.N.C. Aug. 4, 2016); *Velasquez v. Velasquez*, No. 1:14CV1688, 2014 WL 7272934, at *1 (E.D. Va. Dec. 15, 2014); *Alcala v. Hernandez*, No. 4:14-CV-4176, 2014 WL 5506739, at *1 (D.S.C. Oct. 30, 2014).

**I.     The *Ex Parte* Nature of Mother's Request**

Mother's request for relief was heard on an *ex parte* basis. Based on Mother's allegations and the findings below, relief without notice to Father is necessary to avoid immediate and irreparable injury, loss, and/or damage if Father were given notice of the proceedings prior to this

Order. As required by Rule 65(b)(1)(A), Mother's counsel has properly certified to the Court the reasons why notice should not be required. Thus, the elements of Rule 65(b)(1) are met.

## II. The Temporary Restraining Order

In determining whether to grant injunctive relief, the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). The proper balancing requires this Court to weigh the relative importance of four factors:

(1) the likelihood of irreparable harm to the plaintiff if the relief is denied;

(2) the likelihood of harm to the defendant if the requested relief is granted;

(3) the likelihood that the plaintiff will succeed on the merits; and

(4) the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

After balancing the hardships, the Court finds that the requested provisional measures are authorized and necessary in this case, without the need for posting a bond. First, the Court finds that allowing the Father to flee with the Child would be, by definition, irreparable harm. *Alcala*, 2014 WL 5506739, at *6 ("The court observes that allowing the Father to flee with the Children is contrary to the very purpose of the Hague Convention and ICARA, and would result in irreparable harm.").

Second, the Court finds that any threatened harm to the Father is minimal as compared to the probability of irreparable harm to Mother or the Child. As explained in Mother's memorandum in support of the Motion presently before the Court, Mother is not seeking a permanent custody order from this Court. Because the Court cannot make a custody determination, the Court finds that Father cannot lose any custody rights from the Temporary Restraining Order. *See Abbot v. Abbot*, 560 U.S. 1, 20 (2010) ("Ordering a return remedy does not alter the existing allocation of

custody rights, but does allow the courts of the home country to decide what is in the child's best interests. It is the Convention's premise that courts in contracting states will make this determination in a responsible manner." (citations omitted)).

Third, the Court finds that Mother—at this stage in the proceedings and based on the record before the Court—has clearly demonstrated that she is likely to succeed on the merits. Mother's evidence establishes that (1) the Child's habitual residence is the Czech Republic as shown by the facts and circumstances immediately prior to the wrongful retention; (2) Mother has "rights of custody" under Czech Republic law; and (3) Mother was exercising her rights of custody and would have continued doing so but for Father's wrongful retention of the Child in the United States.

Fourth, public policy supports issuance of the TRO here. *See Salguero v. Argueta*, No. 5:17-cv-125-FL, 2017 WL 1067758 (E.D.N.C. March 21, 2017) ("Finally, a TRO serves the public interest. Since international abduction [and] wrongful retention of [a] child[ ] is harmful to [his or her] well-being,' a TRO in this case will serve the public interest by protecting the child's well-being." (alterations in original)); *Alcala v. Hernandez*, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *7 (D.S.C. Oct. 30, 2014) (citing ICARA's Congressional findings and concluding that "the public policy is not hindered, but is instead furthered, by the ordering of these provisional measures.").

### III. Rule 65(c) bond requirement.

In exercising its discretion, the Court concludes that a bond is not required for the Temporary Restraining Order to be issued. The requirement of security is not mandatory and can be waived. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). Mother is merely seeking a *temporary* order

prohibiting the Father from removing the Child from the jurisdiction, requiring the Father to relinquish the Child's travel documents to the custody of the Court, and requiring an expedited hearing. Mother is not seeking a permanent custody order, nor is she seeking to permanently limit the Father's ability to travel. Therefore, the Court declines to require Mother to post a bond.

For the reasons set forth above, it is **ORDERED** that Mother's *Ex Parte* Expedited Motion for Temporary Restraining Order (ECF No. 5) is **GRANTED**, as follows:

(a) Pavel Tvrdy —or any others acting on his behalf—are **PROHIBITED** from removing the Child, P.L.T., from the Eastern District of North Carolina pending the preliminary injunction hearing scheduled below;

(b) A preliminary injunction hearing to determine whether this Temporary Restraining Order will be converted to a preliminary injunction under Rule 65 is scheduled for 1:30 pm on February 25, 2020, in the courtroom of the United States Courthouse in New Bern, North Carolina.

(c) Pavel Tvrdy is **ORDERED** to appear **with the Child, P.L.T.,** at this hearing to show cause why they should not be prohibited from removing the Child from the jurisdiction until this litigation is concluded.

(d) The United States Marshal shall serve Pavel Tvrdy with process by personally delivering a copy of the Summons, Verified Expedited Petition, and this Temporary Restraining Order to them. Mother's counsel is **ORDERED** to provide the United States Marshal with a hard-copy of these documents to complete service of process.

(e) Pavel Tvrdy shall relinquish the Child's travel documents, **including his passports and any American visas**, to the United States Marshal upon service of process (or as soon as practical thereafter if those documents are secured in a lockbox or other location that her

residence). Thereafter, the United States Marshal shall deliver the travel documents to the Clerk of Court for safekeeping until further order of this Court.

**SO ORDERED**, this the 11th day of February, 2020, at 12:00 pm.

LOUISE W. FLANAGAN
United States District Judge